# Exhibit 1



# CITY OF WALTHAM

### MASSACHUSETTS

**Date:** March 30,1967

BOARD OF APPEALS

**Mr. Walter Ohnemus**
**Inspector of Buildings**
**Waltham, Massachusetts**

**Dear Sir:**

     **You are hereby advised of decision by the Board of Appeals on the following appeal:**   Dr. Harry I. Zeltzer, Case #67-5, to allow at 57 Grant St. the conversion of a single family residence, in existence prior to 1952, into three professional offices; or two professional offices and one apartment with no change in the exterior design. The petitioner plans to provide off street parking for 4 automobiles. The property is located in a Residence C District in which the zoning ordinances do not allow any activity conducted for gain or any privateway or walk giving access to such activity.

Voted: "On a petition for a variance from the provisions of the local zoning ordinance, it was moved by Mr. Powers and seconded by Mr. Tarallo that the appeal of Dr. Harry I. Seltzer, Case #67-5, be granted subject to the condition that construction begin within one year from the date of final approval of this variance and the further conditions that three (3) professional offices only, be allowed, and Plan #2 be implemented to supply parking. The roll being called, the Members voted as follows: Mr. Campisi,aye; Mr. Tarallo, aye; Mr. Powers, aye; Mr. McCarthy, aye and Mr. Miller, aye. The motion was unanimously carried.

    In accordance with the provisionsof G.L. Chap. 40A and sec. 2, Art. 16 of the City of Waltham Zoning Ordinance, the Board made the following findings:

    1. The Petitioner seeks a particular use in the nature of the conversion of a single family residence in existence prior to 1952 into a building containing three professional offices.

    2. This use will affect the particular existing parcel and building located at 57 Grant Street.

    3. Conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located are: its position on the border of a Residence and Business District and the absence of other strictly residential structures in the area.

    4. A literal enforcement of the provisions of the Zoning Ordinance would involve substantial hardship, financial or otherwise to the Petitioner in that the structure could not be conveniently or profitably enjoyed if the Zoning Ordinance is literally enforced.

    5. Desirable relief may be granted without substantial detriment to the public good because the building will be used for professional services and the traffic problem has been foreseen and met.

    6. The Petition may be granted without nullifying or substantially derogating from the intent or purpose of the zoning ordinance because it will improve the area, be an asset to the neighborhood and will act as a buffer between the business area and the rest of the residential area.

    7. And the use is in general conformity to the character of the neighborhood."

A record of which has been filed in the office of the City Clerk on March 29,1967.

                        Very truly yours,

                        Clerk of the Board.

The public hearing was next opened on the appeal of Dr. Harry Zeltzer, Case #67-5 Attorney Richard J. Gullotti, 681 Main Street, represented the petitioner. The petitioners is a duly licensed optometrist, who has been practicing in Waltham for several years and presently has an office located at 751 Main St. In his petition he asks for a variance of the zoning ordinance to allow the conversion of a single family residence that was in existence prior to 1952, to three professional offices or two professional offices and one apartment with no change in the present exterior design together with the right to provide off-street parking for 4 automobiles, the spacebeing available on said property. The petitioner will occupay one of the offices. The property is zoned at present, Residence C, in which offices of physicians, surgeons or dentists, provided that there are no overnight hospital facilities in connection therewith, and offices of architects, engineers, lawyers, tutors or like professional persons, are permitted. No more than 50 percent of the dwelling or apartment shall be so used in the professional activity. Also permitted is a display or advertising sign of not more than four square feet. Also permitted in the district pursuant to Sec. 21-18, sub0sec. 2 are multi-family dwellings, row houses, garden apartments and apartment houses, apartment hotels, hotels, boarding houses and lodging houses. A variance from the above requirements is sought for the purpose of fully utilizing the premises to allow more than 50 per cent of the dwelling house to be used as professional offices. Preferably, the petitioner would like the Board to allow three offices, but the petitioner would accept a variance, if the Board so desires, for the use of two offices and one apartment, according to the plans filed with the Board. The building is located on 4920 sq. ft. of land and occupies 23 per cent of the lot area. The two professional offices on the first floor will have a waiting room, examination room, dispensing room and consultation area. The third office, if allowed, will be on the second floor, and will offer the same facilities with additional storage space. Theoffices will have wall to wall carpeting throughout, wood paneling and vinyl wall covering. The first floor will have air-conditioning. There will be new electrical service and rewiring throughout the house and existing heating units will be replaced with baseboard units. This petition is addressed under the provisions of G. L. Chap. 40A, Sec. 3 where owing to conditions especially affecting such parcel but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance would involve substantial hardship, financial or otherwise, to the petitioner. The locus involved is abutted on the southerly side by a Business B Zone, the business involved is that of Robert Hall Clothing Company with parking facilities abutting the petitioner's property. Also abutting the petitioner's property is a parking lot for other businesses on Main St., that of a barber shop, hairdressing shop and Nuclear of Chicago Corp. To the rear on the easterly side, but not abutting the petitioner, is also a Business B District and across the street on the westerly side, a Business B District exists, containing Monarch Diner and their parking lot. Also across the street is a lot of land located in a Residence C District, owned by Dr. Campbell. That lot was granted a variance by the Board for similar purposes, but the variance was never acted upon for reasons that are unknown to the petitioner. Because of these reasons, the property has become less desirable for residential purposes. This affects the salability of the property because of the location and the hazard of the parking area on the south side of the petitioner's property would discourage a family with children from purchasing the property for residential purposes because of the cars coming out of there. These conditions are peculiar to the land in question. To make effective use of the property, the petitioner would need the variance that is the subject matter of this petition. To deny the petitioner the right to use the property for such a purpose would constitute an undue hardship to him. Although, by their nature, professional offices will attract a higher volume of transient

traffice than would a single family residence, the petitioner is providing for off-street parking spaces located on his property. There is 28 ft. at the rear of the property with three 9 ft. by 20 ft. spaces, although narrow, certainly afford enough room to park. There will be one space along the side near the parking lot of Robert Hall. There is an area of 9 ft. for egress and ingress to the parking spaces on the right-hand side of the lot. The cars will have to proceed slowly and cautiously. They offer this plan for parking so to assure the abutters that there will be no parking on Munster Terrace. There is also parking allowed on Grant and Main Streets so that the situation is adequately taken care of by the petitioner. The use of the land will be without noise or obnoxious odors. The proposed use will be without substantial detriment to the public good especially in view of the expanding health requirements of the city. It will greatly service the area involved to have professional facilities available and close at hand. The proposed use will be entirely consistent with the public good and the general purpose of the zoning ordinance. The proposed use is a permitted use in the Residence C District, but only up to 50 per cent of the building being used for professional offices. The petition as presented contemplates the highest and best use of the land with due regard to the property value of others in the area. The proposed use would in no way reduce the value of the property in the area and is clearly consistent with the general purposes of the zoning ordinance. The health, welfare, and safety of the public certainly would not be adversely affected by the granting of this proposed variance.

Chairman Campisi noted there were two plans of the parking.

Att. Gullotti said the new plan was a result of talking with the abutters and residents in the area. The families on Munster Terr. with children were concerned with parking on that side of the building, although they are within the property. They would prefer the driveway on the Robert Hall side.

Chairman Campisi asked how many square feet of office space there would be.

Att. Gullotti said they did not require more than 4 spaces, but he could not give the exact footage.

Mr. Powers felt the square footage would come close to 2400 sq. ft. and they would need one space more as one space per 500 sq. ft. of office space was required. He said it figured out to 2254 sq. ft. and they might be able to take off for hallways and stairways.

Chairman Campisi felt that the parking space on the extreme left would not be useable unless it was a small car.

Att. Gullotti said it could be used, but it would take work and caution to get out. He felt this space would be used by the doctor most of the time. He showed the Board an artist's conception of the building. There is a tree that will have to come down to make the new driveway. There is a cedar fence shown but it will not be put up unless the Board requires it. An abutter, Mr. McPherson, feels he does not want a fence as it would block out the light. They could put up a lower fence than what is pictured.

Donald McPherson, 1 Munster Terr., had no objection except to a fence. He said he preferred the trellis that was there now. They are looking at the cars in the parking lots now, one or two more would not make a difference.

Josephine Poole, 3 Munster Terr., had no objection except to parking or turning around on Munster Terr.

Att. Gullotti said the following people had no objection to the petition:
       George A. Caldwell, 72 Grant St.
       Arthur Veno, 71 Grant St.
       Mrs. Alphonse Demero, 71 Grant St.
       Mrs. & Mr. Dennis Goodwin, 61 Grant St.

As there were no others present to be heard in favor or opposition, the public hearing was declared closed.

The public hearing was next opened on the appeal of Ermengildo J. Manzon, Case #67- Attorney Edward Costello, 600 Main Street, represented the petitioner. He said this had been advertised as 4 Hazel St. and should be 37 Hazel St. The City Atlas has lot 4 running into Bacon St. With the permission of the Board, they would like to withdraw and have this re-advertised, showing the location as #37 Hazel St. The new City Atlas has the lot shown as Lot 4A. He has explained to some people, but he felt this should be re-advertised so there would be no mistakes.

Chairman Campisi agreed. He also asked that the plans show the barn.

Att. Costello said the plans showed the barn as a garage with two parking spaces inside and one parking space on the outside.

Chairman Campisi asked if the house now existing had been built in accordance with the variance granted by the Board.

Att. Costello said it had been, to his knowledge.

It was moved by Mr. Tarallo and seconded by Mr. McCarthy that the appeal of Ermenegildo J. Manzon, Case #67-6, be withdrawn and re-advertised. The motion was unanimously carried.

On Case #66-74, Attorney Frederic A. Crafts, Jr. asked that the case be held on the table until such time as all members were present.

The Board then acted on the following:

Mr. Miller withdrew and Mr. Campisi, Mr. Tarallo, Mr. Powers and Mr. McCarthy acted on Case #67-3. Mr. Connolly was absent.

Chairman Campisi read the following letter:

February 8, 1967

Board of Appeals
City Hall
Waltham, Mass.

Gentlemen:

I have from you an inquiry as to what are the powers of the Board of Appeals of the City of Waltham in the matter of granting special permits - to which I make answer as follows.

General Laws, Chapter 40A, Sec. 4., establishes the mechanism by which exceptions by way of special permits may be granted. In substance, this section sets forth that a zoning ordinance. . .

> "may provide that special exceptions may be allowed to.
> the regulations and restrictions contained therein",
> . . .and that. . ."The board of appeals. . .may. . .
> grant to an applicant a special permit. . . . <u>in
> accordance with such an exception.</u>"

Acting under the authority of said Section 4, the City Council of the City of Waltham has established certain instances wherein the Board of Appeals may grant special exceptions. The first of these instances is found in Article IV., Sec. 21-8, sub-sections 1 through 4 of the third paragraph. The second such instance is found in ARTICLE VII., Section 21-14, sub-section 2., and a third in ARTICLE VIII., Section 21-16, (3). In each of these instances, the authority to grant the exception is limited to cases in which the structure was in existence at the time of the adoption of the zoning ordinance.

# Exhibit 2

IP 0 82434470 COLL 081306 082806 004 060815201954074S 021367906 1062

**DUA** MASSACHUSETTS
DIVISION OF
UNEMPLOYMENT
ASSISTANCE

P.O. Box 9511
Boston, MA 02114

This form was mailed on August 16, 2006

| Due Date: | August 28, 2006 |
|---|---|

# Unemployment Insurance
# Request for Information                    004

**Important!  Only Use Black Ink!**

*To protect your rights to dispute this claim and any charges to your account that may result, and to receive a copy of the eligibility determination, this request must be completed in full and postmarked by the due date indicated above.*
*Contact us at:* ☎ *(617)626-5039*
*for more information on completing this form.*
*To change your address call (617) 626-5040 or go to www.Mass.gov/dua.*

ENGINEERED TOOLING CORP
57 GRANT ST
WALTHAM, MA 02451

**1.** Verify your DUA Account number. **82-434470**          Make any corrections here:

**2.** This individual has filed a claim for Unemployment Insurance benefits, naming you as a former employer.

Name: Serafin Collura          Claim File Date:      08/15/06          Provide the start date    and last physical day at work
SSN:  [redacted]          Claim Effective Date: 08/13/06          *122394   081506*

**3.** Read all of the statements carefully then fill in the **one** reason that best reflects the status of this claimant.

Laid Off or Hours Reduced by Employer
        *Indicate recall date, if any*

Quit

● Discharged for deliberate misconduct or violation of
company rules or policy, ~~including absenteeism or tardiness.~~
Suspended for violation of company rules or policy.

Discharged or quit due to a conviction of a felony or misdemeanor.

Released due to inability to meet performance standards.
No Protest.  No misconduct or violation of company rules
or policy.

On strike or locked out

On a leave of absence (Explain reason in comments)

Reasonable assurance of reemployment
(educational institution only)

Still employed or on call

Comments (Optional): _____

**4.** At separation, did this individual receive or
apply for any of these types of payments:

● Vacation Pay ?  *YES*

Retirement Benefits ?  *NO*

● Severance Pay ?  *YES*

Employee signed a release of claims required
to receive all severance pay

**5.** The wages below are already on file.  Please correct any errors
or omissions.

| | Wage Period | Gross Wages on File | Enter Missing Gross Wages or Correct Wages on File |
|---|---|---|---|
| A | 07/01/05 thru 09/30/05 | $ 10,010.00 | |
| B | 10/01/05 thru 12/31/05 | $ 10,010.00 | |
| C | 01/01/06 thru 03/31/06 | $ 10,010.00 | |
| D | 04/01/06 thru 06/30/06 | $ 10,010.00 | |
| E | 07/01/06 thru 08/12/06 | NONE | |

**6.** Contact Name for
Separation Information:  *ROBERT S. SNYDER*

Telephone: *781  788  8888*   Ext:          Fax: *781  736  1987*

Employer Certification: These statements are true to the best of my knowledge and belief.
Form Completed by: *ROBERT S. SNYDER*          Signature: *Robert S Snyder*

# Exhibit 3

Special Investigation

Type of Permit:    Building ☐    Zoning ☒    Other ☐    8/15/~

Date Complaint Received and Posted to Zoning Log:

Property Location:    57 Grant St

Zone:    Res-C

Per Assessor's – Owners Name:    Office (1) ~~Three~~ Three 1/2 ~~~~

Owners Address:    57 Grant St. Waltham ma.

Building Department Street Card Information: (copy in file)

Complaint:    There Are people living in the office
No Kitchen or Bathing. No Permits - cable - mail -
Calls : Jany Conversa.

Date of Inspection:

Inspector #1:

Other Inspectors:

Condition Found:

Brien Bower

Action Taken:

Date Violation Letter Sent:    ☐ Certified Mail XXX ☐ Regular Mail

Results of Court Hearing:

Trial Court Complaint:

Date Filed:

Date of Hearing:

Referred to Other Agency:

Final Outcome of Case:

Date:

# Exhibit 4

**Gaudet, Ralph**

| | |
|---|---|
| **From:** | councila3 |
| **Sent:** | Thursday, November 09, 2006 1:30 PM |
| **To:** | Gaudet, Ralph |
| **Subject:** | 57 Grant Street |

SEP 0 5 2008
COPY MADE
...HAM BUILDING DEPT

Good Afternoon Ralph,

Thank you for the info your department (Patrick Powell) sent on the occupancy status of 57 Grant Street.

I did have a chance to discuss that situation with a couple of fellow councillors and they concur that this situation appears to be an illegal use of the upstairs as an apartment.

Thus, I am requesting that your department forward all the information available to the law department for speedy review.

Please let me know when the information has been forwarded to the law department.

Thank you in advance,

Councillor Collura

# Exhibit
# 5



# CITY OF WALTHAM

## MASSACHUSETTS

RALPH E. GAUDET
OFFICE OF BUILDING COMMISSIONER
SUPERINTENDENT OF PUBLIC BUILDINGS

BUILDING DEPARTMENT

June 27, 2007

Mr. Robert Snyder
57 Grant Street
Waltham, MA 02451

Re:    Violation @ 57 Grant Street

Dear Mr. Snyder:

In 1967 Dr. Harry I Zeltzer, the then owner of the property numbered 57 Grant Street,
sought and was granted a variance by the Zoning Board of Appeals to allow the
conversion of a single family residence into three professional offices (see ZBA Case
No. 67-5 copy attached).

In response to complaints received, two inspections of the property were conducted by
Building Inspectors Bower and Powell on 2/7/07 and 2/26/07.  These inspections
revealed that the premises are being used for the following uses:
1. One room for apparent masseuse operation on second floor (no documentation)
2. First floor office and warehouse receiving and shipping
3. One room on second floor for office of roofing contractor Leon Shabbits (possibly
   used for occasional overnight sleeping quarters)

It is the determination of the Zoning Enforcement Officer that the premises are being
used in a manner different from the Zoning Board of Appeals allowed use granted in
Case No 67-5.  You must therefore ***Cease and Desist*** the use of the property as it is
currently being used (use is not considered professional offices) within **30 days** of
receiving this notice or show evidence that you will be applying to the Board of Appeals
to modify the prior variance to accommodate the present use.

Failure to comply with this notice will result in a non-criminal ticketing disposition being
instituted.  The fines are $50 the first day, $200 the second day and $300 each and every
day the violation remains.

Please call if you have any questions.

Sincerely,

Patrick Powell
Senior Building Inspector
Zoning Enforcement Officer

Enclosures

# Exhibit

# 6



# CITY OF WALTHAM

## MASSACHUSETTS

OFFICE OF SUPERINTENDENT OF
PUBLIC BUILDINGS
WALTER E. OHNEMUS

PUBLIC BUILDING DEPARTMENT
205 SCHOOL STREET

November 28, 1984

Michael S. Hargreaves, Esquire
55 Moody Street
Waltham, MA 02154

RE:  57 Grant Street, Waltham  MA

Dear Attorney Hargreaves:

The variance granted by the City of Waltham Zoning Board of
Appeals in Case No. 67-5 dated March 30, 1967, notice of which
is recorded with the Middlesex South District Registry of Deeds
in Book 11319, Page 154, permits use of the premises at 57
Grant Street for either three professional offices or two
professional offices and one apartment, provided that four
off-street parking spaces are located upon said premises.
Assuming that the present use of the premises is for the
stated conditions and the required parking is provided
then the current use as such to the present time is a
permitted use pursuant to said variance and runs with the
land to the successors in interest to the Petitioner in the
variance, Dr. Harry I. Zeltzer and the owner of record at the
time said petition was filed, Marie A. Cutting.

The intent of this letter is to certify to you that at the
present time the use of said property as a professional
office is a valid use of said locus despite the fact that it
is in a Residence C District.

Very truly yours,

Walter E. Ohnemus
Building Inspector
City of Waltham

28.

# Exhibit 7



# CITY OF WALTHAM

## MASSACHUSETTS

OFFICE OF BUILDING COMMISSIONER
SUPERINTENDENT OF PUBLIC BUILDINGS
RALPH E. GAUDET

PUBLIC BUILDING DEPARTMENT
119 SCHOOL STREET
TEL: 617-893-4040
FAX: 617-894-3872

May 17, 1994

To Whom It May Concern:

Re: Property Located at 57 Grant Street, Waltham, MA

The premises located at the above noted address was the subject of a City of Waltham Board of Appeals Case 67-5 to allow the use variance for a single family to become professional offices for Optometry.  In 1984, the then Building Inspector Walter Ohnemus, issued a decision that the premises could be used for offices and one (1) apartment.  As such, this site has been used in that manner since 1984; at this time and as of this date it may continue as first floor office for Optometry and second floor residential use for the Optometrist and his/her family.

If you should have any questions concerning this matter, please feel free to contact me.

Sincerely,

Ralph W. Gaudet
Building Commissioner
Superintendent of Public Buildings

REG/mfm

FILE:PROPYUSEp7

# Exhibit 8



WALTHAM POLICE DEPT.
*WALTHAM, MA*

# Incident Report #7018944
**Report Entered: 07/17/2007 12:59:24**

Case Title | Location
**SP INCIDENT** | **487 MOODY ST**
Date/Time Reported | Date/Time Occurred
**07/17/2007 10:47:00** | **to**
Incident Type/Offense |
**SUSPICIOUS INCIDENT (SPINC )** |
Reporting Officer | Approving Officer
**FORD,J (5531)** | **KING, T (319)**

## Persons

| Role | Name | Sex | Race | Age | DOB | Home Phone | Address |
|---|---|---|---|---|---|---|---|
| **INVOLVED PARTY** | **COLLURA, SALLY** | **FEMALE** | **WHITE** | **60** | [redacted] | | [redacted] **WALTHAM, MA** |
| **INVOLVED PARTY** | **SNYDER, ROBERT** | **MALE** | **WHITE** | **74** | [redacted] | | [redacted] **NEWTONVILLE, MA** |

## Offenders

| Status | Name | Sex | Race | Age | DOB | Home Phone | Address |
|---|---|---|---|---|---|---|---|

## Vehicles

## Property

| Class | Description | Make | Model | Serial # | Value |
|---|---|---|---|---|---|

## Narrative

On 07/17/07, while assigned as the clerk in operations Ms Sally COLLURA came to the
front counter to report a suspicious activity at her Tea Leaf store at 487 Moody St last evening.

Ms COLLURA stated that last night around 2200 she went back to her store to get something
she forgot. At this time Ms COLLURA stated that she observed Mr Robert SNYDER
her employer that she used to work for, was walking in the crosswalk near the store entrance.
At this time the store was closed and Ms COLLURA stated that she had to wait to for
Mr SNYDER to cross ( Snyder was walking very slow ). Ms COLLURA stated that SNYDER has
no reason to be in that area at that time of night, as he does not drink or frequent the Moody St
Business's. Ms COLLURA went on to say that when she went into the store she was nervous to go
back to her vehicle. According to Ms COLLURA her employees have told her that SNYDER
has been in the area recently and has come into the store, while Ms COLLURA was not at work.
Ms COLLURA stated that SNYDER makes her nervous and feels that he is not in the right
frame of mind and would like these actions to stop.

I advised Ms COLLURA that she could send SNYDER a registered letter and inform him that

he was trespassed from the store, or she could call the Police when SNYDER is in the area and an Officer would respond to serve him a trespass notice.

I made two calls to SNYDER at his office 781-788-8888, to talk to him and advise him that he needed to stop this behavior. I left messages with the receptionist. At 1350 Mr SNYDER called back and informed me that he has had nothing but trouble with Ms COLLURA since he fired her in August 2006. He stated that he only went near the store last night to see the sign in the window hoping it was a going out of business sign. Mr SNYDER stated that he stayed on the sidewalk  and did not have any contact with Ms COLLURA. Mr SNYDER was very upset at the fact that I was calling and talking to him regarding what took place last evening. Mr SNYDER stated that he was informed ( unknown source ) that Ms COLLURA got an FID card to carry Pepper Spray to use to protect herself from him. Mr SNYDER stated that he has only been in the store one time and that was to give Ms COLLURA her W -2 form. Mr SNYDER stated that he placed the form on the table, informed Ms COLLURA what the paper was and did not throw it at her as she alleged in a previous report. Mr SNYDER stated that all his trouble with Ms COLLURA started when he told the unemployment department about why she was fired and they cut her checks off. Mr SNYDER stated that C&A Machine shop, that he does business with through his machine shop, is located in the rear parking lot, of Ms COLLURA'S business and informed me that he would not be able to stay away from the area, however he will not go into the store.


At this time there is no further action needed for this situation.

# Exhibit 9

Robert S. Snyder
Engineered Tooling Corporation
57 Grant Street, Waltham, Massachusetts 02451
(781) 788-8888                                               Monday, July 30, 2007

## ISSUES OF FACT INVOLVING COUNCILOR COLLURA

### Introduction

Since I terminated the employment of Waltham's Councilor At Large, Sarafina "Sally" Collura
in August of 2006; I have had a plethora of incidences involving the State of Massachusetts, the
City of Waltham, and Ms. Collura. It is difficult, if not impossible to make the assessment that
these events are not at least in part, a campaign by Councilor Collura to use her resources and
possibly, her political position and influence to harass and punish me, both personally and
professionally as retribution for terminating her employment.

### Issues of Fact

1. I terminated Ms. Collura for using company time and resources for her own
   personal endeavors. This included City of Waltham Councilor business, her T.V.
   show, "Red Hat" Society business and her "Gift Basket" company. Ms. Collura
   was also operating her store and catering business "The Tea Leaf" on company
   time, she bought merchandise for her store using my corporations Federal Tax
   Identification Number and she had merchandise shipped via my U.P.S account at
   my expense, both without my knowledge or consent.

2. The day I terminated Ms. Collura's employment she told my wife (in a yell) lies
   of infidelity about me. I was told she then bragged to a mutual friend about
   fabricating the story and possibly "ruining my marriage" because she "had to get
   even".

3. The *same day* I terminated her employment, Ms. Collua filed for unemployment
   benefits with the State of Massachusetts Department of Unemployment. It was
   discovered by them that she did not disclose her income as a City of Waltham

Councilor, her gift basket company income or the fact that she owns and operates her business "The Tea Leaf" on Moody Street in Waltham. It is my understanding that Ms Collura has been found to have given false written statements about her attempts to "find employment", has defrauded the Department of Unemployment, They have told me she has been ordered to repay $7,293.00 of undeservingly received unemployment benefits and has been disqualified from ever being able to receive unemployment benefits in Massachusetts again.

4. Since August of 2006 I have had the Waltham Building Inspector / Zoning Enforcement officers at my 57 Grant Street office three times. I have now received an unjustified notice of a possible zoning violation and a Cease and Desist order from the Building Inspector / Zoning Enforcement officer, Mr. Patrick Powell. Nothing regarding the uses of my building or its occupants has changed in over 5 years. Before August 2006 I have never had an issue with the Waltham Building Inspection or Zoning Departments. The Appealing of this order has, and is, going to cause me hardship and expense.

5. Since August of 2006 I have had the Waltham Police Department at my Waltham office (57 Grant Street) five times and for some reason, the Police logs only show two visits. Never before August 2006 have I *ever* had the Waltham Police at my building.

6. Since terminating Ms. Collura my company was audited by the Massachusetts Department of Revenue (DOR) for the first time in over ten years, they found no improprieties.

7. After my termination of Ms. Collura my Waltham Buildings insurance policy was threatened to be cancelled due to a minor issue [since corrected] that was known by Ms. Collura due to her employment with me.

8.  Since August of 2006 I am now in a dispute with one of my next door neighbors. Ms. Collura has reported been seen talking to them on several occasions, according to other neighbors sympathetic to me, she has been supposedly "helping them" in her capacity as a City Councilor.

9.  Ms. Collura has accused me of stalking her. This false accusation was reported to and investigated by the Waltham police. Her only claim was simply that I was seen by her on the sidewalk, on the other side of the street, near her store on Moody Street *once*. Previous to this Ms. Collura has been rumored to have filed for a Massachusetts Firearms Identification Card - for mace and / or pepper spray. According to a mutual friend, she told them it was because she has concerns that I would somehow cause her harm. I believe her motivation is to cause harm to my reputation in the community, not due to any true fears.

10. Ms. Collura has been recently harassing my wife by emailing her, my wife's email address, she could only have known through my employment of her.

11. I have formally requested both the Waltham Police reports and Zoning Department records involving me and or my property, as of the time of this writing, I have not received any response from either agency.

12. After I ceased to employ Ms. Collura; she contacted the opposition's attorney, in a personal injury suit I am involved with [that she knew about due to her employment with me]. On her own volition, she volunteered to give them a deposition to "discredit me" as if I had fabricated my claims and that her testimony could disprove or weaken my case. For the record; the opposition's attorney declined to depose her after they had scheduling the date of her deposition with my lawyer in this matter, Robert Casey esquire (978) 772-2223. Shortly after her involvement, they offered to settle the case out of court.

Robert S. Snyder 30 July 2007
Statement of Facts over Councilor At Large, Sarafina Collura

## Conclusion

It is my belief that a reasonable person would conclude that Ms. Collura is enacting a personal vendetta against me. I am submitting that in doing so, she is using her position of public office to harass me in part, through the Waltham Municipalities. I want to believe that the city employees involvements has been under the auspice that they are simply doing their jobs, not that they have been knowingly "assisting" a City Councilor in her injudicious, personal pursuits against me.

These incidences show a pattern of behavior that is, I will trust, less than what can be expected to be the minimum standard of integrity and professionalism for a person holding office as an elected official in a city which I am a landowner and employer.

Robert S. Snyder
President/CEO
Engineered Tooling Corporation
Owner of:   57 Grant Street
            Waltham, MA

Subscribed and sworn to before me this
15th day of [                ] 2007

PATRICIA CARAZO, Notary Public
My Comm. Expires January 3, 2008

4

# Exhibit 10



NO. **01815**

## CITY OF WALTHAM NOTICE OF VIOLATION OF CITY ORDINANCE OR REGULATION

DATE OF THIS NOTICE  *11-30-07*

NAME OF OFFENDER  *ROBERT SNYDER*

ADDRESS OF OFFENDER  *57 GRANT STREET*

CITY, STATE, ZIP CODE  *WALTHAM   MA  02451*          DATE OF BIRTH OF OFFENDER

MV OPERATOR LICENSE NUMBER                MV AND REGISTRATION NUMBER

OFFENSE:  *VIOLATION OF ZONING BOARD OF APPEALS CONDITIONS CASE #67-5*

TIME AND DATE OF VIOLATION
(A.M.) (P.M.) ON  *ON GOING      2007*

LOCATION OF VIOLATION
AT *57 GRANT STREET*

SIGNATURE OF ENFORCING PERSON  *Pat Ipsul*     ENFORCING DEPARTMENT  *Building*

I HEREBY ACKNOWLEDGE RECEIPT OF THE FOREGOING CITATION

**X** _____

☐ Unable to obtain signature of offender.   Date Mailed  *11/30/07*

THE NONCRIMINAL FINE FOR THIS OFFENSE IS $ _____
YOU HAVE THE FOLLOWING ALTERNATIVES IN THIS MATTER:
*Either option (1) or option (2) will operate as a final disposition, with no resulting criminal record.*

(1) You may choose to pay the above fine, either by appearing in person or through a duly authorized agent, or by mailing a check, money order or postal note WITHIN 21 DAYS OF THE DATE OF THIS NOTICE to:

**City Clerk**
**610 Main St.**
**Waltham, MA 02154**

(2) If you desire to contest this matter, you may do so by making a written request for a noncriminal hearing, and enclosing a copy of this citation, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE to:

**Clerk-Magistrate**
**Waltham District Court**
**38 Linden St.**
**Waltham, MA 02154**
**Attn: 21D Noncriminal Hearings.**

(3) If you fail to pay the above fine or to request a hearing within 21 days, or if you fail to appear for the hearing or to pay any fine determined at the hearing to be due, a criminal complaint may be issued against you.

☐ I HEREBY ELECT THE FIRST OPTION above, confess the offense charged, and enclose payment in the amount of $ _____ .

☐ I HEREBY REQUEST A NONCRIMINAL HEARING on this matter.

Signature _____

# Exhibit 11

| JUDGMENT FOR PLAINTIFF(S) | DOCKET NUMBER<br>200812SC000218 | Trial Court of Massachusetts<br>District Court Department<br>Small Claims Session |  |
|---|---|---|---|

CASE NAME  **ROBERT S. SNYDER  vs.  FRANK COLLURA**

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 ROBERT S. SNYDER | CURRENT COURT<br>Newton District Court<br>1309 Washington Street<br>W NEWTON, MA 02465-2011<br>(617) 244-3600 | |
|---|---|---|
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 FRANK COLLURA | PAYMENT REVIEW SCHEDULED for<br>06/25/2008 09:30 AM.<br><br>ROOM/SESSION | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←← |
| PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>P01 ROBERT S. SNYDER<br>25 BLAKE STREET<br>NEWTONVILLE, MA 02460 | FURTHER ORDERS OF THE COURT | |
| ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED | | |

On the above claim, after trial by a magistrate, the Court has entered JUDGMENT IN FAVOR OF THE PLAINTIFF(s) listed above.

The defendant(s) must pay the plaintiff(s) the "Judgment Total" shown below, plus additional postjudgment interest under General Laws c. 235 § 8 at the "Annual Interest Rate" shown below from the "Date Judgment Entered" shown below until the date of payment. The defendant(s) is required by law to pay the plaintiff(s) that total amount. Unless the defendant(s) failed to appear, the defendant(s) has a right of appeal within 10 days after receiving notice of this judgment. See the enclosed instructions for additional information.
The Court also issued a PAYMENT ORDER ordering the defendant(s) to pay the total amount by 06/23/2008.

The Court also scheduled this matter for a next event on the date shown above, at which both parties must appear unless excused. **The defendant(s) is subject to arrest for failing to appear.** See the enclosed instructions.

| | | | |
|---|---|---|---|
| 1. Date of Breach, Demand or Complaint | | | 2/11/2008 |
| 2. Date Judgment Entered | | | 5/22/2008 |
| 3. Number of Days of Prejudgment Interest  *(Line 2 - Line 1)* | | | 101 |
| 4. Annual Interest Rate of  12.00%/ 365 = Daily Interest Rate | | | 0.032877% |
| 5. Single Damages | | | $1,300.00 |
| 6. Prejudgment Interest    *(lines 3x4x5)* | | | $43.17 |
| 7. Double or Treble Damages Awarded by Court  *(where authorized by law)* | | | $0.00 |
| 8. Costs | Filing Fee & Surcharge   *(G.L. c. 218 § 23 & c. 262 § 4C)* | | $40.00 |
| 9. | Attorney Fees Awarded by Court *(where authorized by law)* | | $0.00 |
| | Other Costs Awarded by Court | | $0.00 |
| **11. JUDGMENT TOTAL PAYABLE TO PLAINTIFF(S)**    *(lines 5+6+7+8+9+10)* | | | **$1,383.17** |

| DATE JUDGMENT ENTERED<br>5/22/2008 | CLERK-MAGISTRATE/ASST. CLERK<br>X |  | |
|---|---|---|---|

Date/Time Printed: 05/22/2008 07:42 AM

FORM NO.

# Exhibit 12



**NO.** 02407

## CITY OF WALTHAM NOTICE OF VIOLATION
## OF CITY ORDINANCE OR REGULATION

DATE OF THIS NOTICE  *5-21-08*

NAME OF OFFENDER  *Robert Snyder*

ADDRESS OF OFFENDER  *37 Grant Street*

CITY, STATE, ZIP CODE  *Waltham MA 02451*    DATE OF BIRTH OF OFFENDER

MV OPERATOR LICENSE NUMBER          MV AND REGISTRATION NUMBER

OFFENSE:  *Violation of Zoning Board*
*Of Appeals Case # 67-5*
*Conditions*

TIME AND DATE OF VIOLATION
          (A.M.) (P.M.) ON  *Ongoing*          *2008*
AT  LOCATION OF VIOLATION  *37 Grant Street*

SIGNATURE OF ENFORCING PERSON  *Vere Boyd*     ENFORCING DEPARTMENT  *Building*

I HEREBY ACKNOWLEDGE RECEIPT OF THE FOREGOING CITATION

**X**

☐ Unable to obtain signature of offender.     Date Mailed  *5/21/08*

THE NONCRIMINAL FINE FOR THIS OFFENSE IS $ *200 ⁰⁰*

YOU HAVE THE FOLLOWING ALTERNATIVES IN THIS MATTER:
*Either option (1) or option (2) will operate as a final disposition, with no resulting criminal record.*

(1) You may choose to pay the above fine, either by appearing in person or through a duly authorized agent, or by mailing a check, money order or postal note WITHIN 21 DAYS OF THE DATE OF THIS NOTICE to:

**City Clerk**
**610 Main St.**
**Waltham, MA 02154**

(2) If you desire to contest this matter, you may do so by making a written request for a noncriminal hearing, and enclosing a copy of this citation, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE to:

**Clerk-Magistrate**
**Waltham District Court**
**38 Linden St.**
**Waltham, MA 02154**
**Attn: 21D Noncriminal Hearings.**

(3) If you fail to pay the above fine or to request a hearing within 21 days, or if you fail to appear for the hearing or to pay any fine determined at the hearing to be due, a criminal complaint may be issued against you.

☐ I HEREBY ELECT THE FIRST OPTION above, confess the offense charged, and enclose payment in the amount of $ _____ .

☐ I HEREBY REQUEST A NONCRIMINAL HEARING on this matter.

Signature _____

# Exhibit 13



NO. **02408**

## CITY OF WALTHAM NOTICE OF VIOLATION
### OF CITY ORDINANCE OR REGULATION

DATE OF THIS NOTICE
_1-22-08_

NAME OF OFFENDER
_Robert Snyder_

ADDRESS OF OFFENDER
_37 Grant St_

CITY, STATE, ZIP CODE          DATE OF BIRTH OF OFFENDER
_Waltham MA 02453_

MV OPERATOR LICENSE NUMBER    MV AND REGISTRATION NUMBER

OFFENSE: _Zoning Board Of Appeals_
_Conditions Violation_
_Case # 67-5_

TIME AND DATE OF VIOLATION
(A.M.) (P.M.) ON _Ongoing_ _2008_

LOCATION OF VIOLATION
AT _37 Grant St_

SIGNATURE OF ENFORCING PERSON     ENFORCING DEPARTMENT
_Will Bula_      _Building_

I HEREBY ACKNOWLEDGE RECEIPT OF THE FOREGOING CITATION

X _N.B. $300 each and every day til abated_

☐ Unable to obtain signature of offender.      Date Mailed _1-22-08_

THE NONCRIMINAL FINE FOR THIS OFFENSE IS $ _300_ .
YOU HAVE THE FOLLOWING ALTERNATIVES IN THIS MATTER:
*Either option (1) or option (2) will operate as a final disposition, with no resulting criminal record.*

(1) You may choose to pay the above fine, either by appearing in person or through a duly authorized agent, or by mailing a check, money order or postal note WITHIN 21 DAYS OF THE DATE OF THIS NOTICE to:

**City Clerk**
**610 Main St.**
**Waltham, MA 02154**

(2) If you desire to contest this matter, you may do so by making a written request for a noncriminal hearing, and enclosing a copy of this citation, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE to:

**Clerk-Magistrate**
**Waltham District Court**
**36 Linden St.**
**Waltham, MA 02154**
**Attn: 21D Noncriminal Hearings.**

_$300 each DA 7_

(3) If you fail to pay the above fine or to request a hearing within 21 days, or if you fail to appear for the hearing or to pay any fine determined at the hearing to be due, a criminal complaint may be issued against you.

☐ I HEREBY ELECT THE FIRST OPTION above, confess the offense charged, and enclose payment in the amount of $ _____ .

☐ I HEREBY REQUEST A NONCRIMINAL HEARING on this matter.

Signature _____

# Exhibit 14

# The City of Waltham
# ZONING BOARD OF APPEALS

September 15, 2008

## NOTICE OF DECISION

SEP 2 2 2008

By _____

CASE NUMBER:  #2008-24

NAME OF PETITIONER/OWNER:  Robert Snyder

LOCATION OF PROPERTY:  57 Grant Street

DATE OF HEARING(S):   September 9, 2008

DATE OF DECISION:  September 9, 2008

DATE OF FILING OF DECISION WITH CITY CLERK:  September 19, 2008

DATE OF NOTIFICATION TO BUILDING INSPECTOR:  September 19, 2008

FINAL DATE FOR FILING OF APPEAL FROM THIS DECISION:  October 9, 2008

Appeals, if any, shall be made pursuant to Section 17 of Massachusetts General Laws Chapter 40A.  All plans referred to in the decision have been filed with the Planning Board and with the City Clerk.

## DECISION

GRANTED    XXX    __Leave to Withdraw without prejudice__
DENIED              _____

## ROLL CALL

|                    | Yes | No |                          | Yes | No |
|--------------------|-----|----|--------------------------|-----|----|
| Barbara Rando      | X   |    | Edward T. McCarthy, Jr.  |     |    |
| Michael J. Cotton  |     |    | Oscar L. LeBlanc         |     |    |
| Bruce Morris       | X   |    | Glenna Gelineau          | X   |    |
| Mark A. Hickernell |     |    | Marc S. Rudnick          |     |    |
| John Sergi         | X   |    | Michael R. Squillante    | X   |    |

Case #2008-24
Page 2

# PETITION

**Case #:** 2008-24. **Petitioner:** Robert S. Snyder. **Nature of Appeal:** Application for Modification of Prior Variance granted in ZBA Case Number 1967-05 to accommodate present use. **Subject Matter:** Petitioner seeks authorization for the premises to be used as three professional offices with the first floor authorized to keep small component inventory. **Location and Zoning District:** 57 Grant Street; Residence C Zoning District. **Provisions of Zoning Ordinance Involved:** Modification of use variance. **Specific Manner in Which Subject Matter Varies from Zoning Ordinance:** The premises were granted a variance from residential zoning for three professional offices in 1967.

**ON MOTION DULY MADE AND SECONDED THE BOARD UNANIMOUSLY VOTED TO GRANT PETITIONER LEAVE TO WITHDRAW WITHOUT PREJUDICE.**

Barbara Rando, Chair

DATE: 9/17/08

# Exhibit 15

~~APPLICATION FOR~~ ~~COMPLAINT~~

APPLICATION NO. (COURT USE ONLY)

PAGE ___ of ___

The Commonwealth of Massachusetts
District Court Department

**Waltham District Court**
**38 Linden Street**
**Waltham, MA 02154**

**OTJJ479**

~~The undersigned complainant, request that a criminal complaint issue against the accused charging the offense(s) listed below. If the accused HAS NOT BEEN ARRESTED and the charges involve:~~

~~ONLY MISDEMEANOR(S), I request a hearing □ WITHOUT NOTICE because of an imminent threat of □ BODILY INJURY □ COMMISSION OF A CRIME □ FLIGHT □ WITH NOTICE to accused.~~

~~ONE OR MORE FELONIES, I request a hearing □ WITHOUT NOTICE □ WITH NOTICE to accused.~~

~~WARRANT is requested because prosecutor represents that accused may not appear unless arrested.~~

STATUS OF ACCUSED
☑ HAS   □ HAS NOT been arrested

## INFORMATION ABOUT

| NAME (FIRST MI LAST) AND ADDRESS | | BIRTH DATE | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| Robert Snyder 57 Grant St. Waltham, MA 02451 | | PCF NO. | MARITAL STATUS |
| | | DRIVERS LICENSE NO. | STATE |
| | | GENDER · HEIGHT · WEIGHT · EYES | |
| HAIR · RACE · COMPLEXION · SCARS/MARKS/TATTOOS | | BIRTH STATE OR COUNTRY · DAY PHONE | |
| EMPLOYER/SCHOOL · MOTHER'S MAIDEN NAME (FIRST MI LAST) | | FATHER'S NAME (FIRST MI LAST) | |

## CASE INFORMATION

| COMPLAINANT NAME (FIRST MI LAST) | COMPLAINANT TYPE □ POLICE □ CITIZEN ☑ OTHER | PD |
|---|---|---|
| City of Waltham-Building Dept. | | |

ADDRESS
610 Main St.
Waltham, MA 02154

PLACE OF OFFENSE
57 Grant St.

INCIDENT REPORT NO.    OBTN

CITATION NO(S)
01815

| | OFFENSE CODE | DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 107-5 | Violation of Zoning Board of Appeal Conditions ongoing | |
| | VARIABLES (e.g. victim name, controlled substance, type and value of property, other variable information; see Complaint Language Manual) | | |
| 2 | OFFENSE CODE | DESCRIPTION | OFFENSE DATE |
| | VARIABLES | | |
| 3 | OFFENSE CODE | DESCRIPTION | OFFENSE DATE |
| | VARIABLES | | |

| REMARKS | COMPLAINANT'S SIGNATURE X | DATE FILED 12-7-07 |
|---|---|---|

COURT USE ONLY → A HEARING UPON THIS COMPLAINT APPLICATION WILL BE HELD AT THE ABOVE COURT ADDRESS ON  DATE OF HEARING 1-16-08  AT 2:00 P.M. TIME OF HEARING  ← COURT USE ONLY

| DATE | PROCESSING OF NON-ARREST APPLICATION (COURT USE ONLY) | CLERK/JUDGE |
|---|---|---|
| | NOTICE SENT OF CLERK'S HEARING SCHEDULED ON: | |
| | NOTICE SENT OF JUDGE'S HEARING SCHEDULED ON: | |
| | HEARING CONTINUED TO: | C 5/21/08 @ 2:00 |
| | APPLICATION DECIDED WITHOUT NOTICE TO ACCUSED BECAUSE: □ IMMINENT THREAT OF □ BODILY INJURY □ CRIME □ FLIGHT BY ACCUSED □ FELONY CHARGED AND POLICE DO NOT REQUEST NOTICE □ FELONY CHARGED BY CIVILIAN; NO NOTICE AT CLERK'S DISCRETION | |

| DATE | COMPLAINT TO ISSUE | COMPLAINT DENIED | CLERK/JUDGE |
|---|---|---|---|
| 12/4/08 | □ PROBABLE CAUSE FOUND FOR ABOVE OFFENSE(S) NO(S). □ 1. □ 2. □ 3.  BASED ON □ FACTS SET FORTH IN ATTACHED STATEMENT(S) □ TESTIMONY RECORDED: TAPE NO._____ START NO. _____ END NO. _____ □ WARRANT □ SUMMONS TO ISSUE ARRAIGNMENT DATE: | ☑ NO PROBABLE CAUSE FOUND □ REQUEST OF COMPLAINANT □ FAILURE TO PROSECUTE □ AGREEMENT OF BOTH PARTIES □ OTHER: COMMENT C 2/27/07 Edwards C 7/16/08 | (over) |

DCCR-2 (08/04)                    COURT COPY