UNITED STATE DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Robert S. Snyder,                       :

         Plaintiff,                :

                                 :

v.                                 : C.A. No. 1:09-cv-12055-RWZ

                                 :

Sarafina Collura, Individually and as     :

City Councilor for the City of Waltham;   :

Ralph E. Gaudet, Individually and as     :

Superintendent of Public Buildings of the  :

City of Waltham of Waltham; Patrick      :

Powell, Individually and as Senior Building  :

Inspector for the City of Waltham; and     :

The City of Waltham,                 :

         Defendants             :

                                 :

## ANSWER AND JURY TRIAL CLAIM OF DEFENDANTS RALPH GAUDET AND PATRICK POWELL

## INTRODUCTION

1. The defendants, Ralph E. Gaudet and Patrick Powell, neither admit nor deny the truth of the allegations in this paragraph as they are statements of law and intent to which no response is required.  To the extent a response is required, the defendants deny the truth of the allegations   and call upon the plaintiff to prove the same.

## JURISDICTION AND VENUE

2. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

3. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the

1

plaintiff to prove the same.

4. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

## PARTIES

5. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

6. Admitted.

7. The defendants, Ralph E. Gaudet and Patrick Powell, admit that Sarafina Collura is a Waltham City Councilor, but are without sufficient knowledge to form an opinion as to the truth of the remaining allegations and call upon the plaintiff to prove the same.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

## FACTS

12. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

13. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same and further answering state that the document

attached speaks for itself.

14. The defendants, Ralph E. Gaudet and Patrick Powell, neither admit nor deny the contents of this paragraph since, to the extent the allegations contained in this paragraph make reference to the Ordinances of the City of Waltham, said Ordinances speak for themselves.

15. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

16. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

17. Denied.

18. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

19. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

20. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

21. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call

upon the plaintiff to prove the same.

22. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same and further answering state that the document attached speaks for itself.

23. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

24. Denied.

25. The defendants, Ralph E. Gaudet and Patrick Powell, admit being contacted by Sarafina Collura, but deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same and further answering state that the document attached speaks for itself.

26. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same and further answering state that the document attached speaks for itself.

27. Denied.

28. Denied.

29. The defendants, Ralph E. Gaudet and Patrick Powell, admit that Patrick Powell sent Snyder a letter on June 27, 2007, which letter speaks for itself, but deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

30. Denied.

31. The defendants, Ralph E. Gaudet and Patrick Powell, neither admit nor deny the truth of the allegations in this paragraph as they are restatements of the contents of an attached document which speaks for itself.

32. The defendants, Ralph E. Gaudet and Patrick Powell, deny so much of this statement which implies admission of previous allegations by inclusion of the words "in addition", but admit the rest of the paragraph.

33. Denied.

34. Denied.

35.  Denied.

36. Denied.

37. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

38. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

39. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same and further answering state that the attached document speaks for itself.

40. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

41. The defendants, Ralph E. Gaudet and Patrick Powell, admit issuing the referenced Notice, the content of which speaks for itself, but deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

42. Admitted.

43. Admitted.

44. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same and further answering state that the attached document speaks for itself.

45. The defendants, Ralph E. Gaudet and Patrick Powell, admit the referenced Notice was issued, the content of which speaks for itself, but deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

46. The defendants, Ralph E. Gaudet and Patrick Powell, admit the referenced Notice was issued, the content of which speaks for itself, but deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

47. The defendants, Ralph E. Gaudet and Patrick Powell, admit that Sarafina Collura made a public record request of the Building Department, but otherwise deny the remaining allegations and call upon the plaintiff to prove the same.

48.  The defendants, Ralph E. Gaudet and Patrick Powell, admit they responded to Sarafina Collura's public record request, but otherwise deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

49. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call

upon the plaintiff to prove the same and further answering state the attached document speaks for itself.

50. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

51. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

52. The defendants, Ralph E. Gaudet and Patrick Powell, admit that the hearing occurred, but deny the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

53. The defendants, Ralph E. Gaudet and Patrick Powell, neither admit nor deny the truth of the allegations in this paragraph as they seek to interpret the contents of an attached document, which document speaks for itself.

## COUNT I

54. The defendants, Ralph E. Gaudet and Patrick Powell, reincorporate and re-allege all of their responses numbered 1 through 53 above as if each were separately set forth herein.

55. The defendants, Ralph E. Gaudet and Patrick Powell, admit that they acted in their official capacities, but deny or have insufficient knowledge as to the remaining allegations in this paragraph and call upon the plaintiff to prove the same.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations in this paragraph and call upon the plaintiff to prove the same.

WHEREFORE, the defendants deny that the plaintiff is entitled to the relief sought in his Complaint and further deny that the plaintiff is entitled to recover against the defendants in any amount or form.

## COUNT II

65. The defendants, Ralph E. Gaudet and Patrick Powell, reincorporate and re-allege all of their responses numbered 1 through 64 above as if each were separately set forth herein.

66. Denied.

67. Denied.

WHEREFORE, the defendants deny that the plaintiff is entitled to the relief sought in his Complaint and further deny that the plaintiff is entitled to recover against the defendants in any amount or form.

## COUNT III

68. The defendants, Ralph E. Gaudet and Patrick Powell, reincorporate and re-allege all of their responses numbered 1 through 67 above as if each were separately set forth herein.

69. Denied.

70. The defendants, Ralph E. Gaudet and Patrick Powell, are without sufficient knowledge to form an opinion as to the truth of the allegations   in this paragraph and call upon the plaintiff to prove the same.

71. Denied.

WHEREFORE, the defendants deny that the plaintiff is entitled to the relief sought in his Complaint and further deny that the plaintiff is entitled to recover against the defendants in any amount or form.

## COUNT IV

72. The defendants, Ralph E. Gaudet and Patrick Powell, reincorporate and re-allege all of their responses numbered 1 through 71 above as if each were separately set forth herein.

73. Denied.

74. Denied.

75. Denied.

WHEREFORE, the defendants deny that the plaintiff is entitled to the relief sought in his Complaint and further deny that the plaintiff is entitled to recover against the defendants in any amount or form.

## COUNT V

76. The defendants, Ralph E. Gaudet and Patrick Powell, reincorporate and re-allege all of their responses numbered 1 through 75 above as if each were separately set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

WHEREFORE, the defendants deny that the plaintiff is entitled to the relief sought in his Complaint and further deny that the plaintiff is entitled to recover against the defendants in any amount or form.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

By way of affirmative defense, the defendants state that there was no misuse or abuse of legal process instituted against the plaintiff.

### Second Affirmative Defense

By way of affirmative defense, the defendants state that they acted without malice and only in good faith.

### Third Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff suffered no damages, thus may not recover.

### Fourth Affirmative Defense

By way of affirmative defense, the defendants state that they had probable cause to act

and did act in good faith in their investigation of alleged zoning violations at the plaintiff's property.

### Fifth Affirmative Defense

By way of affirmative defense, the defendants state that all administrative enforcement proceedings regarding the plaintiff's activities were based on probable cause, undertaken in good faith, and conducted without malice.

### Sixth Affirmative Defense

By way of affirmative defense, the defendants state that they acted with a lawful purpose and employed lawful means.

### Seventh Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff cannot show that they interfered, by threats, intimidation, or coercion, with the rights of the plaintiff.

### Eighth Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff's claim is barred the doctrine of estoppel.

### Ninth Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff's claim is barred by the defense of fraud.

### Tenth Affirmative defense

By way of affirmative defense, the defendants state that the plaintiff's claim is barred by the defense of illegality.

### Eleventh  Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff's claim is barred by

the plaintiff's waiver.

## Twelfth Affirmative Defense

By way of affirmative defense, the defendants state that the Complaint fails to state a claim for which relief can be granted.

## Thirteenth Affirmative Defense

By way of affirmative defense, the plaintiff has failed to show that the defendants have engaged in a pattern of conduct or local custom which brought about the conduct complained of by the plaintiff.

## Fourteenth Affirmative Defense

By way of affirmative defense, the plaintiff has failed to show that defendants have engaged in a pattern of conduct or local custom that was the moving force behind the alleged deprivation of constitutional rights

## Fifteenth Affirmative Defense

By way of affirmative defense, the plaintiff has failed to show that defendants engaged in any behavior, custom or practice that would support Title 42 U.S.C. § 1983 liability.

## Sixteenth Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff is not entitled to recover because the claims set forth in the Complaint are barred by the appropriate statute of limitations.

## Seventeenth Affirmative Defense

By way of affirmative defense, the defendants state that their actions were justified.

## Eighteenth Affirmative Defense

By way of affirmative defense, the defendants state that they acted out of necessity.

12

### Nineteenth Affirmative Defense

By way of affirmative defense, the defendants state that they acted in good faith reliance on constitutional, legislative, statutory, judicial or other legal authority.

### Twentieth Affirmative Defense

By way of affirmative defense, the defendants state that, to the extent any torts sounding in negligence are alleged in the plaintiff's Complaint, such actions are barred by applicable provisions of G.L. c. 258, § 10.

### Twenty First Affirmative Defense

By way of affirmative defense, the defendants state that, to the extent any torts sounding in negligence are alleged in the plaintiff's Complaint, such actions are barred because the plaintiff failed to make proper presentment pursuant to G.L. c. 258, § 4.

### Twenty Second Affirmative Defense

By way of affirmative defense, the defendants state that, to the extent any torts sounding in negligence are alleged in the plaintiff's Complaint, the plaintiff's actions were themselves negligent, which negligence was greater than the defendants' negligence, if any, and, therefore, the plaintiff is not entitled to recover any damages or that any recovery must be reduced in proportion to the degree of negligence.

### Twenty Third Affirmative Defense

By way of affirmative defense, the defendants state that their actions and conduct were objectively reasonable under the circumstances, and that they are statutorily entitled to qualified immunity from suit and liability.

### Twenty Fourth Affirmative Defense

By way of affirmative defense, the defendants state their actions and conduct did not

violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and, therefore, they are entitled to qualified immunity.

### Twenty Fifth Affirmative Defense

By way of affirmative defense, the defendants state that any and all actions of any of the other named defendants were under the doctrine of *ultra vires* and outside the scope of their positions with the City of Waltham for which the defendants Ralph E. Gaudet and Patrick Powell are not liable.

### Twenty Sixth Affirmative Defense

By way of affirmative defense, the defendants hereby incorporates by reference any and all Affirmative Defenses not stated above but included in the Affirmative Defenses filed by the co-defendants insofar as they are applicable to the defendants.

**WHEREFORE,** the defendants, Ralph E. Gaudet and Patrick Powell, deny that the plaintiff is entitled to any relief or damages as prayed for or otherwise, and request judgment in their favor.

### Demand for Attorney's Fees and Costs

The defendants, pursuant to the provisions of 1988 of Title 42 of the United States Code, requests this Court to award said defendants, and assess against the plaintiff, as part of any judgment, fair and reasonable attorney's fees and costs of this action.

### Demand For Trial By Jury

The defendants claim a trial by jury of all issues in this action.

Respectfully Submitted,
By the defendants Ralph E. Gaudet
and Patrick Powell
By their attorney,

Bernadette D. Sewell, BBO # 557306
Assistant City Solicitor
City of Waltham Law Department
119 School Street
Waltham, MA 02451
(781) 314-3330
bsewell@city.waltham.ma.us

I hereby certify that a true copy of the
above document was served upon each party
appearing pro se and attorney of record for
each other party by hand/email/hand
on ___9-17-10___ electronically
by _____
BERNADETTE DUNN SEWELL