UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Robert Snyder,
    Plaintiff,

v.

Serafina Collura, Individually and as
City Councilor for the City of Waltham;
Ralph E. Gaudet, Individually and as
Superintendent of Public Buildings of the
City of Waltham of Waltham; Patrick Powell,
Individually and as Senior Building Inspector
for the City of Waltham; and The City of Waltham,
    Defendant(s). [1]

C.A. No. 1:09-cv-12055-RWZ

## JOINT MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CITY OF WALTHAM, RALPH GAUDET AND PATRICK POWELL

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the defendants City of Waltham, Ralph Gaudet, and Patrick Powell (collectively "defendants") hereby move this Honorable Court for summary judgment on all of the plaintiff's claims. In support of their motion, the defendants state that none of the federal claims against them can survive summary judgment because, where no federally-protected right has been established, correspondingly no constitutional deprivation has occurred - the *sine qua non* of any cognizable § 1983 action.

Essentially, the plaintiff alleges that he was the victim of malicious prosecution, abuse of process, and a conspiracy to violate his civil and equal protection rights when the City issued, pursuant to M.G.L. c. 40, § 21D, three non-criminal disposition tickets to him for certain zoning violations occurring at his property located at 57 Grant Street in Waltham (notably, the plaintiff's appeal of these civil tickets in Waltham District Court case 07JJ479 is the action that he asserts was instituted against him without a reasonable belief that the zoning allegations would be held valid upon adjudication). This is not enough. Where no constitutional deprivation occurred, summary judgment must enter in favor of the defendants on all of the federal claims. In the event this Court retains its supplemental jurisdiction over the plaintiff's

---

[1] The plaintiff stipulated to the dismissal of the complaint as against the Mayor and this Court granted Attorney Bernadette Sewell's motion to dismiss all claims against her on absolute immunity grounds. *See* Order of this Court granting Sewell's motion to dismiss, dated August 24, 2010. Consequently, their names have been removed from the caption. The Court's decision also dismissed certain claims against the current defendants, with those remaining at issue in this motion.

state law claims of malicious prosecution, abuse of process, conspiracy, and civil rights, Snyder has not presented sufficient evidence to support the requisite elements of said state law claims, which Snyder has the burden at trial to prove. As specific grounds, the defendants hereby state the following:

1. Summary Judgment should enter for the defendants where the summary judgment record contains no fact detailing that the perceived violation of Snyder's constitutional rights resulted from a municipal policy, custom or practice. Municipalities are only subject to liability under 42 U.S.C. §1983 for alleged violations of an individual's constitutional rights resulting from a municipal policy, custom, or practice and there is no evidence whatsoever in the summary judgment record that establishes a violation of a federal or constitutional right. Even assuming, *arguendo*, that Snyder was able to establish a violation of a constitutionally protected right, where the plaintiff's Complaint failed to allege the existence of a municipal policy, custom or practice and the summary judgment record does not evidence any facts detailing that the perceived violation of his constitutional rights resulted from a municipal policy, custom or practice, the § 1983 claims asserted against the defendants (in their official capacities) do not survive summary judgment.

2. The plaintiff's § 1983 claims against the defendants cannot stand, as a matter of law, where there is no evidence whatsoever in the summary judgment record of any violation of a federally-protected right. It is the plaintiff's burden to identify the specific constitutional right infringed.

3. Where § 1983 malicious prosecution claims cannot be maintained as a violation of the Fourteenth Amendment right to substantive due process and instead are only tenable where the plaintiff's alleged injuries are caused by the deprivation of *liberty* guaranteed by the Fourth Amendment, the initiation of *civil proceedings* cannot, as a matter of law, support a federal claim for malicious prosecution.

a. Where the plaintiff's complaints are only about the initiation of *civil proceedings*, there is clearly no Fourth Amendment deprivation. Snyder has not put forward any facts, nor could he, to support a § 1983 malicious prosecution or abuse of process claim based on the Fourth

2

Amendment primarily because the City chose to follow the noncriminal disposition procedure enumerated by M.G.L. c. 40, § 21D and at no time sought a criminal complaint against Snyder.

b.  The express language of M.G.L. c. 40, § 21 definitively illustrates that the non-criminal disposition ticketing procedure used by the City for affixing fine penalties for violation of its zoning ordinances is an *alternative* to initiating criminal proceedings.

4.  Styling the plaintiff's zoning dispute as a malicious prosecution or abuse of process claim is fruitless because the First Circuit does not recognize § 1983 claims based upon malicious prosecution or abuse of process claims, absent an actual deprivation of a federally-protected constitutional right (substantive due process cannot satisfy constitutional deprivation requirement). There is no substantive or procedural due process right under the Fourteenth Amendment to be free from malicious prosecution or abuse of process in the First Circuit. Accordingly, this Circuit does not recognize § 1983 malicious prosecution or abuse of process claims, absent an actual deprivation of a federally-protected constitutional right (substantive due process cannot furnish the requisite constitutional deprivation).

5.  Styling the plaintiff's zoning dispute as a federal conspiracy claim fares no better for the plaintiff where in order to make out an actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgement of some federally-secured right. Here, Snyder has not presented sufficient evidence to support said requisite elements of conspiracy that Snyder has the burden at trial to prove. The plaintiff's § 1983 conspiracy claims must be dismissed against the municipal defendants, because a claim of conspiracy to violate a constitutional right cannot be maintained where no constitutional right was violated.

6.  Even assuming, *arguendo,* Snyder is somehow able to establish the requisite constitutional abridgment, he has not established any facts to support "a conspiratorial agreement" between the individual municipal defendants, Collura, Gaudet and/or Powell. Even were the plaintiff able to establish that personal animus motivated Collura's conduct, this is not enough to maintain a conspiracy claim against the City: you cannot have a conspiracy without conspirators - *plural*. There is no evidence whatsoever in the summary judgment record

3

sufficient to establish that Collura had an "agreement" with either Gaudet or Defendant Powell to fabricate baseless zoning violation notices and non-criminal disposition tickets against Snyder. Snyder has thus not presented sufficient evidence to support the requisite elements of conspiracy that Snyder has the burden at trial to prove.

7. The plaintiff's garden variety zoning dispute, garbed in the regalia of § 1983, is jurisdictionally disposed of given the First Circuit repeatedly bars the invocation of substantive due process to furnish the requisite constitutional deprivation necessary to maintain federal jurisdiction.

a. Notably, the First Circuit Court repeatedly admonishes that "land-use conflicts rarely support constitutional claims" and that "extreme circumstances are required to support substantive due process or equal protection claims" and the case at bar is nothing more than a repackaged run-of-the-mill zoning dispute.

b. Establishing the "shocks the conscience" test does not empower a plaintiff to ignore the requirement of proving a violation of a constitutionally protected right and, therefore, plaintiff's zoning dispute garbed in the regalia of § 1983, cannot survive summary judgment.

c. Assuming, *arguendo,* that the defendants' official actions did meet the "shocks the consciousness" threshold test, summary judgment in favor of the municipal defendants would still be warranted because there is no evidence whatsoever in the summary judgment record that a constitutionally protected right was offended.

d. Here, neither Gaudet nor Powell's conduct qualifies as "extreme and egregious," or "truly outrageous, uncivilized, and intolerable."

e. The facts at bar do not establish bribery or threats. There is no forthcoming evidence that Gaudet and Powell had any knowledge of the animosity between Collura and the Plaintiff such that it influenced their official decisions. Without such knowledge, Gaudet and Powell's actions are merely garden variety zoning/building code decisions with which Plaintiff disagreed, falling far short of establishing the requisite egregious, shocking, "truly horrendous" behavior or even an illustration of "disquieting" conduct. Plaintiff's garden variety zoning dispute, garbed in the regalia of § 1983, thus cannot survive summary judgment.

4

8. The equal protection claims against the defendants should be dismissed where there is no evidence in the summary judgment record to support a claim that Snyder was treated differently than others similarly situated out of malice or bad faith and, in addition, the Complaint also failed to so plead such a claim.

a. In "class of one" equal protection cases where applicable state law vests the decision-maker with discretionary authority to award or withhold a state benefit, a plaintiff who grounds an equal protection claim on the denial of that benefit faces a steep uphill climb. Such is the case here.

b. The summary judgment record does not show that Snyder was treated differently than another landowner similarly situated or that the differential treatment resulted from a gross abuse of power. The plaintiff's complaint contained no allegation that there were others similarly situated to Snyder who have received different treatment by the City of Waltham Building Department.

c. The summary judgment record does not establish that the purported differential treatment of Snyder (assuming, *arguendo*, the plaintiff could establish same) resulted from a gross abuse of power, a necessary element on which he has the burden of proof at trial.

9. Equally fatal, the defendants Gaudet (Building Inspector of the City of Waltham) and Powell (building official acting at direction of the Building Inspector) are immune from suit under the doctrines of absolute and qualified immunity.

10. Where all of the claims over which this Court has original jurisdiction should be dismissed, this Court is able to decline to exercise supplemental jurisdiction over the plaintiff's remaining state-law causes of action. In the event this Court retained its supplemental jurisdiction over the plaintiff's remaining state-law causes of action, summary judgment must also enter for the municipal defendants on the plaintiff's malicious prosecution, abuse of process, and state Civil Right Act claims since Snyder has not and cannot present sufficient evidence to support all three of the requisite elements.

Wherefore, in support of this motion for summary judgment, the respective defendants City of Waltham and (together) Gaudet and Powell submit two memorandum of law, a joint

concise statement of facts and joint Exhibits A-MM.

Respectfully Submitted,

| Ralph Gaudet and Patrick Powell<br>By their attorney | The City of Waltham,<br>By its attorney, |
|---|---|
| _____ | _____ |
| Bernadette D. Sewell, BBO#557306<br>Assistant City Solicitor<br>City of Waltham Law Dept.<br>119 School Street<br>Waltham, MA 02451<br>(781) 314 3330<br>bsewell@city.waltham.ma.us | Michelle Learned, BBO#634955<br>Luke Stanton, BBO#548619<br>Assistant City Solicitors<br>City of Waltham Law Dept.<br>119 School Street<br>Waltham, MA 02451<br>(781) 314-3330<br>mlearned@city.waltham.ma.us<br>lstanton@city.waltham.ma.us |

### Certificate of Service

I hereby certify that I have served a true copy of the foregoing document with attachments and exhibits upon the attorney of record for all the named parties by electronic filing and emailing same on June 16, 2011.

_____
Luke Stanton