UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert S. Snyder<br>　　Plaintiff,<br>　　　　v.<br>Sarafina Collura, Individually and as<br>City Councilor for the City of Waltham<br>Ralph E. Gaudet, Individually and as<br>Superintendent of Public Buildings of the<br>City of Waltham of Waltham; Patrick Powell,<br>Individually and as Senior Building Inspector<br>for the City of Waltham; and the City of Waltham,<br>　　Defendant(s). | C.A. No. 1:09-cv-12055-RWZ |

**DEFENDANTS CITY OF WALTHAM, RALPH GAUDET, and PATRICK POWELL'S RESPONSE TO DEFENDANT COLLURA'S MOTION FOR LEAVE OF COURT TO DEPOSE GUY AND MARIENNE RUFO DUE TO THEIR CLAIM THAT THE PLAINTIFF FILED A FALSE AFFIDAVIT BY GUY RUFO**

Although Defendants City of Waltham (City), Ralph Gaudet (Gaudet), and Patrick Powell (Powell) are not opposed to Defendant Sally Collura's (Collura) request to depose Guy and Marienne Rufo (Rufos) if this case proceeds to trial, they nevertheless object to the depositions occurring prior to this Court's decision on their pending summary judgment motions for the following reasons:[1]

1. <u>Both the recanted facts and the putative facts in Mr. Rufo's original affidavit are immaterial to the pending summary judgment motion.</u> None of the factual attestations in Mr. Rufo's original affidavit, submitted to this Court by Plaintiff Robert Snyder (Plaintiff) as Exhibit 3 to his summary judgment opposition, or Mr. Rufo's recent recantation of said facts, are material facts to Defendants' pending summary judgment motion which argues that Plaintiff's failure to show the required constitutional deprivation is fatal to the viability of his § 1983 claim, particularly given:

   a. None of the recanted facts (or Mr. Rufo's original putative factual attestations) address the undisputed fact that the state court's July 11, 2011 docket entry disposes of all of the claims at bar where it definitively establishes that the zoning enforcement action regarding Plaintiff/57 Grant Street was both properly commenced and prosecuted by the City and its building officials. See City's Reply at 1-4.[2]

---

[1] Defendant Collura, whom the City of Waltham Law Department does not represent, did not file a motion for summary judgment. Additionally, Collura was not re-elected to the Waltham City Council by the citizens of Waltham in the election held this past November.

[2] Tellingly, Plaintiff did not timely appeal from said docket entry. Rather than challenge the substance of the Waltham District Court's finding through the state appellate procedure, Plaintiff attempts to persuade this Court to doubt the official, certified court record. Plaintiff had the availability of an adequate state remedy, but chose not to use it.

b. None of the recanted facts (or Mr. Rufo's original putative factual attestations) are material facts to the legal issue advanced by Gaudet and Powell's pending summary judgment motion, namely that they are entitled to absolute and qualified immunity in connection with their determination that the conditions at 57 Grant street warranted issuance of the cease and desist order and subsequent noncriminal disposition tickets, and the prosecution of said civil tickets to enforce the City's zoning ordinances in this case. *See Gaudet and Powell's Memo of Law* at 1-19; *Gaudet and Powell's Reply* at 1-4. The recanted facts regarding conversations relating to the Rufos' metal chain link fence or Defendant Collura's knowledge of supposed violations at the Rufos' property that occurred between Plaintiff, Defendant Collura, and the Rufos (and Mr. Rufo's original putative factual attestations) are clearly immaterial to whether Gaudet and Powell would have understood that their zoning enforcement actions against Plaintiff/57 Grant Street contravened a discerned constitutional right.

c. None of the recanted facts (or Mr. Rufo's original putative factual attestations) speak to or cure that the summary judgment record is devoid of any evidence establishing the elements of a substantive due process or an equal protection claim. *See* City's Memo of Law at 1-19; City's Reply 1-4.

d. None of the recanted facts (or Mr. Rufo's original putative factual attestations) speak to or cure the absence of any evidence in the summary judgment record showing that an alleged constitutional injury was caused by a person with final policymaking authority, which is necessary for Plaintiff's § 1983 municipal policy/custom claim against the City to survive summary judgment.[3] *See Walden v. City of Providence, Rhode Island,* 596 F.3d 38, 55-58 (1st Cir. 2010). Notably, the summary judgment record instead shows that Defendants Collura, Gaudet, Powell, and the Mayor[4] were not final policymakers in

---

Accordingly, the text of the Waltham District Court's docket entry controls. It reads, verbatim: "[d]ocket entry to clarify Court record requested by Trial Court (Dan Sullivan) after consultation with former Clerk-Magistrate Michael Finucane: At initial hearing Clerk-Magistrate heard enough evidence to find R. Snyder responsible of violation on appealed civil ticket, re: 57 Grant St. Subsequent court appearances scheduled to give Snyder opportunity to come into compliance & avoid imposition of fine. Viewing Snyder as having come into substantial compliance as of final court appearance, the case was disposed of from the Court's docket at that time, without prejudice to City of Waltham pursuing new zoning tickets in the future." *See* Exhibit 1 attached to Defendant City of Waltham's Reply.

[3] Keep in mind, Plaintiff does not argue that there is evidence of a widespread or well-settled custom or practice for which the City could be held liable, but instead argues that municipal liability may be imposed for a single decision by a municipal policymaker. The record clearly forecloses such argument.

[4] Plaintiff stipulated to the dismissal of the complaint as against the Mayor.

this case (and that the actions complained of by Plaintiff did not violate the Constitution) as a matter of law. *See id; see also* City's Memo of Law at 2-3; City's Reply at 4-5.[5]

e. None of the recanted facts (or Mr. Rufo's original putative factual attestations) speak to or cure the absence of any evidence in the summary judgment record to establish a direct causal link between a municipal policy/custom (or final policymaker's decision) and an alleged constitutional deprivation (required for viable § 1983 municipal policy/custom claim against a municipality) given neither Gaudet, Powell or the Mayor – in their official capacities – are responsible for the *private actions* of an employee who is alleged to have acted *outside the scope of her authority as an elected official* (i.e. complaint alleges that Collura retaliated against Snyder by reporting his zoning violation because he had fired her from her private employment). *See* City's Memo of Law at 2-3; City's Reply at 4-5.

f. Where Defendant Collura's actions in her individual capacity cannot be imputed to the City (no *respondeat superior* liability) and the summary judgment record is devoid of any evidence showing that a person with final policymaking authority caused an alleged constitutional injury, the recanted facts regarding conversations between and among Plaintiff, Defendant Collura, and the Rufos regarding the Rufos' metal chain link fence or Defendant Collura's knowledge of a supposed violation at the Rufos' property (and Mr. Rufo's original putative factual attestations) are immaterial to the legal issues related to the City's zoning enforcement action related to 57 Grant Street pending before this Court on summary judgment. *See* City's Memo of Law at 2-3; City's Reply at 4-5.

---

[5] By statute, city charter, and ordinance, the City Council – comprised of fifteen councilors – is the final policymaker in establishing specific uses allowed in zoning districts in Waltham while state law at M.G.L. c. 40A, § 7 charges the Building Inspector with enforcement of the zoning policies made by the City Council as enumerated in the city's zoning ordinances and variance conditions. *See* City's Reply at 4-5. No other city official, including the Mayor, can override the Building Inspector's zoning determinations and appeals therefrom proceed to the Zoning Board of Appeals, and thereafter to the state's trial court (Superior and Land), with further appeals to the state's appellate courts. Here, Plaintiff choose not to pursue his administrative and state judicial remedies even though the ZBA reminded him of his ability to do so (i.e. appeal from the cease and desist) when dismissing his request to modify the variance (which by statute and ordinance, the ZBA no longer has jurisdiction to hear). *See* Defendants' Ex. L, at pp. 28, 35-36; City's response to amended Rule 56.1 filing, at pp. 7 (please note citation therein to Ex. DD should be to Ex. L when referring to ZBA transcript). Equally damaging, according to the Waltham District Court's final docket entry, Plaintiff's appeal of the civil noncriminal disposition tickets stemming from the same cease and desist order was not terminated in his favor. *Supra* at footnote 2. Thus, Plaintiff's attempt to style his run-of-the mill zoning dispute as a substantive due process or equal protection claim is clearly disingenuous. Where the law precludes § 1983 claims absent an actual deprivation of a federally-protected constitutional right, summary judgment must enter for the defendants.

2. The discovery of Mr. Rufo's recantation renders Plaintiff's Exhibit 3 (Mr. Rufo's Affidavit) not credible, unreliable, and no longer probative (if it held any probative value to begin with). Respectfully, Defendants City, Gaudet, and Powell request that Exhibit 3 (original affidavit of Guy Rufo) be stricken from the summary judgment record.

## CONCLUSION

Based on the foregoing, and to conserve the parties' and this Court's time and resources, Defendants City of Waltham, Ralph Gaudet, and Patrick Powell respectfully request that, if this Court is inclined to grant Defendant Collura's motion to take the Rufos' depositions, that it condition the order such that they do not occur prior to this Court's decision on the pending summary judgment motions.

Respectfully Submitted,
By the defendants,

City of Waltham,
By its attorney,

*[signature]*
Michelle Learned, BBO#634955
Assistant City Solicitor
City of Waltham Law Dept.
119 School Street
Waltham, MA 02451
(781) 314-3330
mlearned@city.waltham.ma.us

Ralph Gaudet and Patrick Powell,
By their attorney,

*[signature]*
Bernadette D. Sewell, BBO #557306
Assistant City Solicitor
City of Waltham Law Department
119 School Street
Waltham, MA 02451
(781) 314-3330
bsewell@city.waltham.ma.us

Certificate of Service

I hereby certify that I have served a true copy of the foregoing response upon the attorney of record for all the named parties by electronic filing and emailing same on ~~November 30, 2011~~ Dec, 1, 2011.

*[signature]*
Michelle Learned

4