United States District Court
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT S. SNYDER,<br><br>Plaintiff(s)<br><br>v.<br><br>SERAFINA COLLURA, et al.<br><br>Defendant(s) | C.A. No. 1:09-cv-12055 |

**PLAINTIFF'S REPLY TO RESPONSE BY CITY OF WALTHAM, GAUDET, AND POWELL TO COLLURA'S MOTION TO DEPOSE GUY AND MARIENNE RUFO**

The plaintiff hereby replies to docket entry 80, the response by the defendants city of Waltham, Gaudet, and Powell to Collura's motion for leave to depose Guy and Marienne Rufo. The plaintiff has no position on Collura's motion for leave to depose will Guy and Marienne Rufo, and defers to the court on the issue of whether Mr. Rufo's purportedly "recanted" affidavit warrants taking his deposition and the deposition of his wife.

The plaintiff must, however, once again correct certain misstatements repeated like a mantra by the defendants concerning the purported July 11, 2011 docket entry in the Waltham District Court which counsel for the city procured for the purpose of this litigation.

(1)   By the admissions of City of Waltham assistant city solicitor Michelle Learned in her affidavit (attached to docket entry 73), she procured a purported 7/11/2011 "official" "clarification" of the docket of the Waltham District Court by engaging in ex parte communications with the court and/or the administrative office of the state trial court. This purported docket entry, first introduced in this litigation as part of the city's reply brief (docket entry 65), was entirely new and previously undisclosed evidence – indeed "evidence" which did not even exist prior to the city's ex parte communications with the Waltham District Court in preparation for filing its reply brief. From her affidavit it is clear that Attorney Learned's ex

parte communications were obviously made for the purpose of gaining advantage in this litigation in the United States District Court of Massachusetts. The purported 7/11/2011 docket entry obviously was not made in the ordinary course of the proceeding in the Waltham District Court in 2008, to which Robert S. Snyder was a party and in which he vigorously opposed the city's allegations against him.

(2)   Any lawyer should know better than to seek such after-the-fact docket "clarifications" procured by ex parte communications with the Waltham District Court, without any notice to Robert Snyder, without a hearing and without any opportunity to respond, and then use such purported docket "clarifications" as if such a docket entry and findings contained in such docket entry were somehow reliable and in accordance with due process.

(3)   Mass. R. Prof. C. 3.5 provides, "A lawyer shall not: (a) seek to influence a judge, juror, prospective juror, *or other official by means prohibited by law*, (b) communicate ex parte with such a person except as permitted by law …."[1]  Such ex parte communications for the purpose of making "clarifications" which are in fact important, substantive changes to the docket, without notice to the other party – or any opportunity to be heard and respond – violate due process and unfairly prejudice Robert S. Snyder. Such ex parte communications cast doubt on the impartiality of the tribunal and create an appearance of impropriety. As ex parte communications, they are improper. The plaintiff's counsel need not make any inquiry pursuant to Fed. R. Civ. P. 11 to discern what is obvious on the face of the documents filed by the defendants.[2]

---

[1] "'Ex parte communication' denotes a communication, which occurs without notice to or participation by all other parties or lawyers for all of the parties to the proceeding, between a judge (or by court staff on behalf of a judge) and (i) a party or a party's lawyer or (ii) other person who is not a participant in the proceeding." Supreme Judicial Court Rule 3:09, Code of Judicial Conduct, Terminology (October 1, 2003).

[2] The plaintiff's counsel is not accusing any other lawyer of a literal forgery or literal fraud upon the court; such an action is too obviously an impropriety.

(4)   It is inherently deceptive and misleading to offer the 7/11/2011 as an "official," "clarification" of the Waltham District Court docket purporting to set forth prejudicial findings against Robert Snyder – a docket entry which was procured ex parte by the city of Waltham using language suggested by counsel for the city (even if modified somewhat by court employees) without any opportunity for Snyder to be heard or respond more than two and half years after the previous docket entry of 12/4/2008 – it is deceptive and misleading to offer such as if it were reliable evidence of a finding of the Waltham District Court in accordance with its regular procedures and practices and in accordance with due process.

(5)   The summary judgment record is rife with evidence from which a factfinder can infer a conspiracy by Collura and other city officials to deny the plaintiff is right to substantive due process and equal protection of the laws. Within days after the plaintiff obtained a judgment against Collura's brother, city officials sent him a notice that he would be fined $200 per day, and immediately followed up with a second notice threatening fines of $300 per day. See page 10 of docket entry 60, the plaintiff's opposition to the city's motion for summary judgment; and Exhibits thereto, docket entry 61-2, Bates numbers 109-110 and 114-115.

(6)   Furthermore, Collura's own explicit testimony contradicts the statement on page 3 of the city's filing (docket entry 80) that she was acting "outside the scope of her authority as an elected official." Collura explicitly admits that she was acting on behalf of the City of Waltham when falsely accusing Snyder for alleged land use violations. See the quotations from Collura's deposition on page 17 of docket entry 60, the plaintiff's opposition to the city's motion for summary judgment: Collura stated: "*I made the complaint as a walk-in city councilor at large sitting on the board of license and franchise, yes.*"

WHEREFORE, the plaintiff requests that the court STRIKE and disregard the purported state court 7/11/2011 docket entry, and DENY the defendants' motion for summary judgment.

PLAINTIFF
By his Attorney(s),

*/s/ Zaheer A. Samee*
Leonard A. Frisoli, Esq. BBO # 638201
laf@frisolilaw.com
Zaheer A. Samee, Esq. BBO #667751
zas@frisolilaw.com
Frisoli Associates, P.C.
43 Thorndike Street
Cambridge, MA 02141
Tel (617) 494-0200

Date: December 5, 2011

**CERTIFICATE OF SERVICE**

I certify that on December 5, 2011, I served the attached

**PLAINTIFF'S REPLY TO DEFENDANT RESPONSE TO COLLURA'S
MOTION TO DEPOSE GUY AND MARIENNE RUFO**

by sending a copy to the following:

| | |
|---|---|
| *For Gaudet, Powell, and City of Waltham*<br>John B. Cervone<br>Bernadette Sewell<br>Luke Stanton<br>City of Waltham Law Department<br>119 School St.<br>Waltham, MA 02451<br>**BY ECF** | *For Collura*<br>Leonard H. Kesten<br>Thomas R. Donohue<br>Brody Hardoon Perkins & Keston LLP<br>1 Exeter Plaza, 12th floor<br>Boston, Mass. 02116<br>**BY ECF** |

*/s/ Zaheer A. Samee*
Zaheer A. Samee / Leonard A. Frisoli