UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12055-RWZ

ROBERT S. SNYDER

v.

SERAFINA COLLURA, *etc., et al.*

MEMORANDUM OF DECISION

March 30, 2012

ZOBEL, D.J.

Plaintiff, Robert S. Snyder, alleged violations of his constitutional rights by Serafina Collura in cooperation with the City of Waltham and individual defendants Ralph E. Gaudet and Patrick Powell under both federal and state law, as well as violations of state common law. The court earlier dismissed a number of claims and defendants. Now pending and ripe for decision is the remaining defendants' motion for summary judgment (Docket # 50), which has generated a separate string of motions concerning one affidavit in support of the main motion, that for summary judgment.

The string begins with plaintiff's motion to strike an affidavit by Michelle Learned, the Assistant City Solicitor, that recites a conversation she had with the retired Clerk Magistrate of the Waltham District Court, the venue of a proceeding against plaintiff which is at the heart of his complaint. The City of Waltham opposed the motion and plaintiff filed a reply, albeit without leave of court. Waltham, by its assistant city solicitor, moved to strike plaintiff's reply (Docket # 73) which started yet another string, plaintiff's opposition and Waltham's Objection and Request for Leave to Reply to

Plaintiff's Opposition (Docket # 75). According to the affidavit, Ms. Learned spoke with the retired Clerk "to see if...[he] could provide the City with an affidavit explaining how the zoning dispute in the Waltham District Court concluded given certain hand-written strike-outs on the Court's docket." She then relates his statements concerning the proceeding against plaintiff and the rules and practice of the court in general. Although it is not clear why plaintiff objects to the contents of the affidavit, he is correct that it contains only rank hearsay and is thus inadmissible. To the extent Waltham offers the document to show "that no amount of additional discovery would cure Snyder's inability to establish elements of his claims that he bears the ultimate burden of proof at trial..." it still relies entirely on the hearsay statements. The motion to strike the Learned affidavit (Docket # 62) is allowed. Waltham's motion to strike plaintiff's reply (Docket # 73) is denied; its motion for leave to file reply to plaintiff's opposition (Docket # 75) is allowed. Finally, I note that this type of motion practice does nothing to advance the understanding of the issues or the resolution of this dispute.

The motion of defendants to strike the affidavit of Leon Shabott for failure to comply with a deposition subpoena (Docket # 68) is allowed. He is not entitled to choose the forum or means by which he provides testimony especially if, in so doing, he deprives defendants of the ability to cross-examine him.

Serafina Collura's motion for leave to depose Guy and Marienne Rufo (Docket # 78) is denied because it is late.

Now to the main event, the motion for summary judgment, which is premised on the assertion that plaintiff cannot establish either a violation of a constitutionally

2

protected right or a municipal policy, custom, or practice that deprived him of that right. The difficulty with defendants' position is two fold. First, the complaint is broader than defendants' reading; it focuses not only on the judicial proceeding, but also on the conduct of the individual defendants during the run-up to the enforcement action in the Waltham District Court. Second, plaintiff does have a constitutionally protected right to both substantive due process and equal protection of the laws. He has, as noted earlier (Order 8/24/10 Docket # 21), adequately pled both and he has provided evidence since then to support both. Defendants dispute his claim, but the extensive record generated in support of and opposition to the motion for summary judgment makes clear that there exist serious disputes as to a number of material facts. Finally, given facts in the record that show concerted actions by the individual defendants in aid of City Councillor Collura's efforts against plaintiff, they are not entitled to summary judgment on qualified immunity grounds. The motion for summary judgment (Docket # 50) is, therefore, denied.

In summary, defendants' motion for summary judgment (Docket # 50) is denied, but the motion to strike the affidavit of Leon Shabott (Docket # 68) is allowed. Plaintiff's motion to strike the affidavit of Michelle Learned (Docket # 62) is allowed. The collateral defendants' motion to strike plaintiff's reply (Docket # 73) is denied, their motion to file reply (Docket # 75) is allowed. The motion of defendant Collura to depose the Rufos (Docket # 78) is denied.

    March 30, 2012                                       /s/Rya W. Zobel

DATE                                        RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE