UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-12055-RWZ

ROBERT SNYDER

v.

SERAFINA COLLURA, et al.

MEMORANDUM OF DECISION

February 20, 2015

ZOBEL, D.J.

On remand, defendants have again moved for summary judgment.[1]

## I. Procedural History

Defendants Gaudet and Powell previously moved for summary judgment, which was denied. On appeal, the First Circuit held that Gaudet and Powell had not violated any clearly established federal law, and reversed this court's denial of summary judgment based on qualified immunity. Snyder v. Gaudet, 756 F.3d 30, 36 (1st Cir. 2014). Accordingly, judgment for them may be entered as to the federal claims (Count I).

---

[1]Plaintiff has also renewed his oral motion to amend the complaint, previously denied, in writing. That motion (Docket # 105) is DENIED AS FUTILE.

## II. Analysis

### A. State Civil Rights Claims

"The same standard for qualified immunity applies to [Massachusetts Civil Rights Act] claims and § 1983 claims." McGunigle v. City of Quincy, No. CIV.A. 12-10852-JLT, 2013 WL 3892901, at *2 (D. Mass. July 25, 2013). Because plaintiff did not allege violation of any state rights as a basis of his Massachusetts Civil Rights Act claim and the First Circuit explicitly found Gaudet and Powell "did not violate any clearly established federal law," Snyder v. Gaudet, 756 F.3d 30, 36 (1st Cir. 2014), their motion for summary judgment (Docket # 50) as to the MCRA claims is ALLOWED.

Plaintiff's allegations against defendant Collura are all in the manner of allegedly directing or causing defendants Gaudet and Powell to violate plaintiff's rights. Because none of the actions taken by the other defendants violated any clearly established federal law, see Snyder, 756 F.3d at 36, Collura's directing or causing them to take those actions cannot be actionable under either the federal or state civil rights acts. Accordingly, her motion for summary judgment (Docket # 97) is ALLOWED as to the federal and state civil rights claims against her.

Plaintiff's only allegations against the City of Waltham ("the City") derive from the actions of Gaudet, Powell, and Collura. Because those agents did not violate Snyder's constitutional rights, the City cannot be liable to plaintiff on his civil rights claims under any theory of municipal liability. The City's motion for reconsideration (Docket # 93) is ALLOWED as is its motion for summary judgment (Docket # 50).

2

### B. Abuse of Process and Malicious Prosecution

In Massachusetts, "process" for abuse of process consists only of "writs of attachment ... process used to institute a civil action ... and the process related to the bringing of criminal charges." Jones v. Brockton Public Markets, Inc., 369 Mass. 387 (1975). The defendants here issued a civil citation, which entered court only through plaintiff's own action to appeal the fine. As such the defendants' motions for summary judgment are ALLOWED as to the abuse of process claims. See Zotos v. Town of Hingham, 2013 WL 5328478 (D.Mass. 2013).

Similarly, malicious prosecution requires a showing that the plaintiff was damaged because "the defendant commenced an original action without probable cause, (2) with malice, and (3) that the original action terminated in his favor." Yacubian v. U,S., 750 F.3d 100, 108-109 (1st Cir. 2014). Because the defendants did not "commence" any litigation, their motions for summary judgment as to this claim are also ALLOWED.

### C. Civil Conspiracy

A claim for civil conspiracy requires a showing of an underlying tortious act. Garvin v. Hampden Cnty. Sheriff's Dep't, No. C. A. 05-30102-MAP, 2008 WL 877797, at *8 (D. Mass. Mar. 27, 2008). As plaintiff has not provided evidence of an underlying tortious act, see supra Parts I, II.A-B, his claim for civil conspiracy also fails.

### III. Conclusion

Defendants' motions for summary judgment are ALLOWED.

Judgment may be entered for all defendants.

|  February 20, 2015  |  /s/Rya W. Zobel  |
|  DATE  |  RYA W. ZOBEL  |

UNITED STATES DISTRICT JUDGE